NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 09-931

STATE OF LOUISIANA

VERSUS

K. J. C.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 07-1635
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy Howard Ezell, Judges.

CONVICTIONS AND SENTENCES AFFIRMED.
MOTION TO WITHDRAW GRANTED.

J. Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
Counsel for Plaintiff/Appellee:
State of Louisiana

**G. Paul Marx**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
**K. J. C.**

**K. J. C.**
**Rayburn Correctional Center**
**27268 Highway 21, North**
**Angie, LA 70426-3030**

**Jeffrey J. Trosclair**
**Assistant District Attorney Sixteenth Judicial District Court**
**500 Main Street, 5th Floor**
**Franklin, LA 70538**
**(337) 828-4100**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**EZELL, JUDGE.**

On August 9, 2007, the Defendant, K.J.C.,[1] was charged by bill of information with committing the following offenses: (1) forcible rape, a violation of La.R.S. 14:42.1; (2) aggravated incest, a violation of La.R.S. 14:78.1; (3) aggravated incest, a violation of La.R.S. 14:78.1; and (4) molestation of a juvenile, a violation of La.R.S. 14:81.2. Also, on December 10, 2007, the Defendant was charged by bill of information with possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1).

Pursuant to a plea agreement, the Defendant pled guilty to forcible rape, aggravated incest, and possession with intent to distribute marijuana on December 9, 2008. In exchange for his plea to these charges, the State agreed to dismiss the remaining charges and to waive the filing of a habitual offender bill. The State also agreed to concurrent sentences.

The Defendant was sentenced on April 29, 2009, to serve thirty-two years at hard labor for forcible rape, without benefit of probation, parole, or suspension of sentence. For aggravated incest and possession with intent to distribute marijuana, the Defendant was sentenced to twenty years at hard labor on each conviction. The sentences were ordered to run concurrently with each other. The Defendant's motion to reconsider his sentences, filed on May 6, 2009, was summarily denied.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), appellate counsel has filed a brief alleging the record contains no pre-plea errors to support reversal of the Defendant's convictions and sentences in this matter. For the following reasons, we affirm the Defendant's convictions and sentences and grant counsel's motion to withdraw.

---

[1]Pursuant to La.R.S. 46:1844(W), the Defendant's initials are used to protect the confidentiality of the Victim.

1

**FACTS**

The following facts were set forth at the Defendant's guilty plea and sentencing hearings. The Defendant first began molesting the Victim, his biological daughter, when she was eight years old. The Victim was impregnated in the summer of 2001 and on March 24, 2002, at thirteen years of age, the Victim gave birth to a son by caesarean section. About five years after the child's birth, after the Victim reached eighteen years of age, she reported the sexual abuse so that she could collect child support from the Defendant. The paternity of the child was confirmed through DNA analysis to be that of the Defendant.

Additionally, on April 3, 2007, agents with the Iberia Parish Sheriff's Office were monitoring a controlled delivery of marijuana involving the Defendant. The Defendant was intercepted while in route to deliver marijuana to a confidential informant and was found in possession of a bag containing one ounce of marijuana.

*ANDERS* ANALYSIS:

Pursuant to *Anders*, 386 U.S. 738, the Defendant's appellate counsel has filed a brief stating he has made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of the Defendant's convictions or sentences. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury

2

composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument and the transcripts. The Defendant was properly charged in a bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, the Defendant received legal sentences in conformity with his plea agreement.

The Defendant's sentence for forcible rape, thirty-two years, was on the upper end of the sentencing range; his sentence for aggravated incest, twenty years, was the maximum possible sentence; and his sentence for possession with intent to distribute marijuana, twenty years, was a mid-range sentence. The Defendant, however, received a substantial benefit from his plea agreement. Not only did he receive concurrent sentences, two charges, aggravated incest and molestation of a juvenile, were dismissed in exchange for his guilty plea, significantly reducing his sentencing exposure. He was also spared a possible total fine of up to $100,000. Prior to his plea agreement, the Defendant faced up to an additional forty years of imprisonment and additional fines exceeding $50,000. La.R.S. 14:78.1 and 14:81.2. Further, the Defendant was not charged as a habitual offender under La.R.S. 15:529.1. Lastly, the Defendant's guilty plea waived all non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976).

3

We have found no issues that would support an assignment of error on appeal. Therefore, the Defendant's convictions and sentences are affirmed and counsel's motion to withdraw is granted.

**CONVICTIONS AND SENTENCES AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

**KA09-931**

**COURT OF APPEAL, THIRD CIRCUIT**

**STATE OF LOUISIANA**

STATE OF LOUISIANA

    Plaintiff-Appellee

VERSUS

K.J.C.

    Defendant-Appellant

On Appeal from the Sixteenth Judicial District Court, Docket Number 07-1635, Parish of Iberia, State of Louisiana, Honorable Keith Rayne Jules Comeaux, Judge.

## **O R D E R**

    After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

    IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

    THUS DONE AND SIGNED this _____ day of _____, 2010.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge Sylvia R. Cooks

_____
Judge Jimmie C. Peters

_____
Judge Billy H. Ezell